**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-7118**

─────────────

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

RICHARD ALLEN SMITH, JR., a/k/a Smitty

  Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Frederick P. Stamp, Jr., Senior District Judge.  (2:00-cr-00007-FPS-JES-1)

─────────────

Submitted:  November 18, 2014      Decided:  November 21, 2014

─────────────

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Richard Allen Smith, Jr., Appellant Pro Se.  Stephen Donald Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Allen Smith, Jr., seeks to appeal his 2002 criminal judgment.[1] The version of Federal Rule of Appellate Procedure 4(b)(1)(A) in effect at the time of Smith's conviction required a defendant to file a notice of appeal within ten days after the entry of judgment. With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on March 20, 2002. Smith filed the present notice of appeal on July 23, 2014,[2] more than twelve years beyond the expiration of the then-applicable ten-day appeal period and subsequent thirty-day excusable neglect period. Because Smith failed to file a timely notice of appeal or obtain an extension of the appeal period, we dismiss

---

[1] This court previously affirmed Smith's convictions and sentence. United States v. Smith, 51 F. App'x 415 (4th Cir. 2002) (No. 02-4260) (unpublished).

[2] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

the appeal.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[3] Although the timely filing of a notice of appeal in a criminal case is not a jurisdictional requirement, United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009), Smith's appeal is inordinately late.  Accordingly, we exercise our inherent power to dismiss it.  United States v. Mitchell, 518 F.3d 740, 750 (10th Cir. 2008).